Cash *v.* Dickens.

2L 254
6L 607

F. M. CASH, Adm'r, *v.* SAMUEL DICKENS *et als.*

1. ADMINISTRATION. *Insolvent estate.* *When suggestion of may be made.* A personal representative is not bound to know the fact of insolvency before he can make the suggestion, but has the right, when he has reasonable ground to apprehend the insolvency of the estate, to protect himself against being compelled to pay the debts in full, until the fact be ascertained, and for this purpose to suggest its insolvency.

2. SAME. *Same. An administrator may suggest the insolvency of the estate after the time allowed by law, upon showing satisfactory reasons for the delay. Case:* C. was appointed administrator in 1865, and in 1869 suggested insolvency of the estate and filed bill to wind up same, averring that from best information he could get he had believed the estate solvent, and acted accordingly in paying debts and distributing legacies on refunding bonds; but that a number of suits had been brought from time to time against the estate, which under advice of counsel he was resisting; and that on 10th June, 1868, a bill had been filed to wind up a partnership of which his intestate was a member, claiming a large sum due from the estate, which, if established, would render the estate insolvent, and that he seriously apprehended he would not be able successfully to defend said suit because of the death of the book-keeper of said firm, and that for these reasons he had made the suggestion of insolvency. Upon objection that the suggestion and bill came too late, it was *held,* that, under these facts, the delay was not unreasonable, and the bill might be maintained.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. S. P. WALKER, Ch.

KORTRECHT & CRAFT for complainant.

W. M. RANDOLPH for defendants.

McFARLAND, J., delivered the opinion of the court

This bill, filed to administer the estate of J. L

Bolton, deceased, in the Chancery Court, makes the widow, who has married again, the children and devisees and creditors parties.

The widow and her husband demurred to the bill, and bill of revivor and supplemental bill. Their demurrer was overruled, but an appeal allowed by the Chancellor. The argument in support of the demurrer is rested mainly upon two propositions:

1st. That the suggestion of insolvency was not properly made, and not true in fact; and

2d. That the suggestion and the filing of the bill came too late.

The original complainant, Cash, was appointed administrator in 1865. He states in his bill that, from the best information he could obtain, he believed the estate perfectly solvent and acted accordingly, paying some debts and distributing considerable sums to the legatees upon refunding bonds. A number of suits were, however, from time to time brought against him, all of which are specified in the bill. The amounts claimed with costs and expenses, amounting to large sums; under the advice of counsel he is defending these suits, but the reason that he finally suggested the insolvency of the estate was, that on the 10th June, 1868, Sarah W. Bolton, as executrix of Washington Bolton, deceased, filed her bill against complainant and others, to settle an alleged partnership of many years' standing, between said J. L. Bolton, Washington Bolton, Wade H. Bolton and Thomas Dickens, in which enormous amounts are claimed against the estate of J. L. Bolton, and if said bill is successful, will render the estate insolvent. That

Dickens has answered, also asserting large balances against J. L. Bolton's estate. How the facts are, the complainant does not know. He fears the defense will be greatly embarrassed by the death of Wade H. Bolton, the book-keeper of the firm. He has reason to apprehend, and does apprehend that he will be unable successfully to defend the case. Upon these grounds he suggested the insolvency of the estate to the clerk of the County Court, and afterwards filed this bill.

The argument is, that, as by the bill, the insolvency depends upon the result of the cause of Sarah W. Bolton, and as the complainant does not say that this is a valid claim, the court can see that the suggestion is in bad faith, and untrue, and the bill should be dismissed. This proposition is not sound. A personal representative, who has reasonable ground to apprehend the insolvency of the estate, has the right to protect himself against being compelled to pay the debts in full until the fact be ascertained, and for this purpose to suggest the insolvency of the estate, which operates as an injunction against creditors. If he is bound to know the fact of insolvency before he can make the suggestion, he might be ruined before the fact could be known; in this case he would have to wait the decision of the case of Mrs. Sarah W. Bolton. We think the suggestion was made in good faith and upon reasonable grounds, according to the allegations of the bill.

Nor do we think the bill should be dismissed, because not filed before the 9th of September, 1869. The delay, under the facts, is not unreasonable. In

fact, this proposition is not consistent with the ground first taken, that the suggestion of insolvency could not be made until the fact of insolvency was known.

The decree will be affirmed and remanded. The defendant, Sigler, paying the costs of the court.